Jason SHOULTA, Plaintiff–Appellant,

v.

CITY OF PADUCAH; Ozean Dodd, Individually and in his official capacity as Assistant Chief of the Paducah Police Department; Jerry Hoover, Individually and in his official capacity as the City Manager of the City of Paducah, KY; Kermit Perdew, Individually and in his official capacity as the Chief of Police of the City of Paducah, KY; Albert Jones, Individually and in his official capacity as the Mayor of the City of Paducah, KY; Thomas L. Osborne, Individually and in his official capacity as City Attorney of Paducah, KY; Paul Carter, Individually and in his official capacity as Assistant Chief of the Paducah Police Department; Paducah Police Department, Defendants–Appellees.

No. 01–6181.

United States Court of Appeals,
Sixth Circuit.

June 20, 2002.

Before MARTIN, Chief Circuit Judge;
KEITH and KENNEDY, Circuit Judges.

Jason Shoulta appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983, and his state law professional negligence claim. Named as defendants are the City of Paducah, Kentucky; the Assistant Chief of the Paducah Police Department (Ozean Dodd); the City Manager of the City of Paducah (Jerry Hoover); the Chief of Police of the City of Paducah (Kermit Perdew); the Mayor of the City of Paducah (Albert Jones); the Assistant Chief of the Paducah Police Department (Paul Carter), individually and in their official capacities; the Paducah Police Department (collectively the "Paducah defendants"); and Shoulta's private attorney (Thomas Osborne). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The circumstances underlying this civil rights action have been set forth in the district court's various opinions, and will

be reiterated herein only to the extent necessary to resolve the instant appeal. Shoulta was employed by the City of Paducah as a patrol officer from 1994 until April 1997, at which time he resigned. On February 11, 2000, Shoulta filed a complaint in the United States District Court for the Western District of Kentucky challenging the circumstances of his resignation, and alleging that his civil rights and his rights under the Policeman's Bill of Rights, Ky.Rev.Stat. Ann. § 15,520, were violated. The federal cause of action was brought under 42 U.S.C. § 1983. Shoulta also made a claim against his own private counsel, Thomas L. Osborne, asserting that Osborne had given inadequate legal advice resulting in a deprivation of his civil rights under § 1983.

On October 23, 2000, the district court granted the Paducah defendants' motion to dismiss the federal claims, as they were barred by the applicable statute of limitations. On April 26, 2001, the Paducah defendants filed a motion for summary judgment seeking dismissal of the remaining claims. Defendant Osborne also filed a motion for summary judgment, asserting that the only claims against him arose out of § 1983. On June 19, 2001, the district court granted the Paducah defendants' motion for summary judgment after finding that the release provision in Shoulta's Resignation Agreement was valid and must be upheld. The court denied defendant Osborne's motion as moot. However, the court noted that Shoulta also made a claim against Osborne for professional negligence that remained pending.

Soon after the district court stated that a claim for professional negligence existed in this case, defendant Osborne filed a motion to amend his answer to assert a statute of limitations affirmative defense and various motions for summary judgment. The district court granted the mo-tion to amend the answer and also granted the motion for summary judgment after concluding that Shoulta's claim for professional negligence was barred by the applicable statute of limitations, and that the doctrine of *res ipsa loquitur* was inapplicable in this case. Shoulta's motion to alter or amend the judgment was denied on August 10, 2001. This appeal followed.

This court reviews de novo the district court's order granting summary judgment to defendants. *Johnson v. Econ. Dev. Corp.*, 241 F.3d 501, 509 (6th Cir.2001). A grant of summary judgment will be upheld only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R.Civ.P. 56(c).

█ Upon review, we conclude that summary judgment was proper for the Paducah defendants. Shoulta failed to show that a genuine issue of material fact remained for trial with respect to whether the resignation agreement should be enforced. *See Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105, 107 (6th Cir.1989).

█ Upon further review, we conclude that summary judgment for defendant Osborne was proper for the reasons stated by the district court. Shoulta's claim against defendant Osborne is time-barred. *See* Ky.Rev.Stat. Ann. § 413.245; *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky.1994). Osborne represented Shoulta for a period of a few weeks in late April 1997. Any harm that Shoulta may have suffered occurred at that time. Shoulta claims here that he was coerced to resign and that his rights were violated when he was denied appropriate hearings and procedures. All of these alleged wrongs occurred on April 25, 1997, and the consequences were immediately known as Shoulta resigned from his position with the City of Paducah. There is no evidence to indicate otherwise. Shoulta filed this lawsuit on February 11,

2000, far more than one year after Osborne represented him.

Shoulta has not identified an expert on the issue of professional negligence, *see Innes v. Howell Corp.*, 76 F.3d 702, 711 (6th Cir.1996); *Stiver v. Parker*, 975 F.2d 261, 273 (6th Cir.1992), and the doctrine of *res ipsa loquitur* is inapplicable here.

 Finally, we note that Shoulta does not challenge on appeal the October 23, 2000, decision dismissing his § 1983 action against the Paducah defendants as time-barred. Therefore, the claims asserted under § 1983 are considered to be abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed.